IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | Civil Action No. 16 – 54E |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JAMIE FERKDARKO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the Motion to Revoke Plaintiff's *in forma pauperis* status (ECF No. 41) be granted, that the Court's Order granting Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 5) be vacated, that his Motion to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed until such time that Plaintiff pays the full $400.00 filing fee.[1]

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

1

## II. REPORT

Plaintiff Eric X. Rambert initiated this action on March 4, 2016 and the case was recently reassigned to the undersigned on November 10, 2016. Upon review of the docket, the undersigned recognizes that the Court erred in granting Plaintiff's Motion to Proceed *in forma pauperis*. At this point, the undersigned recommends that the Courts' Order granting this Motion be vacated and that the Motion be dismissed in accordance with 28 U.S.C. 1915(g) because Plaintiff have accumulated three or more "strikes" and may not proceed *in forma pauperis* absent a showing of imminent danger.

The "three strikes rule"[2] is codified at 28 U.S.C. § 1915(g) and provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In sum, under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[3]

---

[2] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert. denied*, 533 U.S. 953 (2001).
[3] The Third Circuit Court of Appeals has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included in the amount of strikes under section § 1915(g). *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

The Court takes judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See* DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g).

The three strikes that Plaintiff has accumulated are the following. The first strike is Rambert v. Barrett, No. 2:95-cv-71-BPM-FXC (W.D. Pa.), which was dismissed as legally frivolous on February 21, 1995. The second strike is Rambert v. Horn, et al., No. 2:97-cv-337-DJL-FXC (W.D. Pa.), which was dismissed for failure to state a claim on December 5, 1997. The third strike is Rambert v. Lavan, et al., No. 4:03-cv-370-MM-DB (M.D. Pa.), which was dismissed for failure to state a claim on November 6, 2003. Furthermore, the fact that at least one of these strikes occurred before the enactment of the PLRA is no bar to counting it as a strike. *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144 (3d Cir. 1997) (joining those circuits in holding that dismissals for frivolousness prior to the passage of the PLRA on April 26, 1996, count as "strikes" under § 1915(g)).

To satisfy the imminent danger exception to the three strikes rule, a plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. Viewing the allegations in the Complaint

most generous to Plaintiff, the undersigned finds that there has been no showing of imminent danger.

Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court should therefore vacate its prior Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*, order Plaintiff to pay the $400.00 filing fee and terminate him from this action until such time he pays the fee. *See* Howard v. Tennessee, Dept. of Corrections, No. 1–12–0004, 2013 WL 3353893, at *3 (M.D. Tenn., July 2, 2013) (in circumstances where the prisoner was improperly granted IFP status even though he had already acquired three strikes "the proper remedy is to vacate the order granting plaintiff IFP status, give plaintiff given thirty (30) days to pay the balance of the original filing fee, and if he fails to do so, to dismiss the case with prejudice for failure to prosecute."). *See also* Fuller v. Caruso, No. 2:12–cv–480, 2013 WL 1830856, at *1 (W.D. Mich., April 30, 2013); Rider v. Rangel, NO. 1:07-CV-1340, 2011 WL 121559 at *3 (E.D. Cal. Jan. 13, 2011), *report and recommendation adopted by*, 2011 WL 841517 (E.D. Cal. Mar 7, 2011); Bronson v. Overton, NO. CIV.A 08-52E, 2010 WL 2512345, at *1 (W.D. Pa., May 27, 2010), *report and recommendation adopted by*, 2010 WL 2519773 (W.D. Pa. June 17, 2010); Bronson v. Lamb, NO. CIV. A. 09-225, 2010 WL 936088, at *1 (W.D. Pa., Feb. 9, 2010), *report and recommendation adopted by*, 2010 WL 934266 (W.D. Pa. March 12, 2010).

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Revoke Plaintiff's *in forma pauperis* status (ECF No. 41) be granted, that the Court's Order granting Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 5) be vacated, that his Motion to

Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed until such time that Plaintiff pays the full $400.00 filing fee

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 22, 2016

                                                            Lisa Pupo Lenihan
                                                            United States Magistrate Judge

cc: Eric X. Rambert
     AM-9223
     SCI Forest
     P.O. Box 945
     Marienville, PA 16239

     Counsel of record